Date Signed:
November 24, 2026

SO ORDERED.

Neil J. Verbrugge
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

In re:

SUZAN ANN FORBES,

Debtor.

Case No.: 24-00950
(Chapter 7)

Re: Dkt. No. 163

## ORDER CORRECTING MEMORANDUM DECISION ON: (1) SQUARE ONE LEGAL LLLC'S MOTION FOR RECONSIDERATION, (2) CHAPTER 13 TRUSTEE'S MOTION FOR INSTRUCTIONS, AND (3) SQUARE ONE LEGAL LLLC'S SUPPLEMENTAL MOTION FOR RECONSIDERATION

On November 10, 2026, this Court filed and entered a Memorandum Decision on: (1) Square One Legal LLLC's Motion for Reconsideration, (2) Chapter 13 Trustee's Motion for Instructions, and (3) Square One Legal LLLC's Supplemental Motion for Reconsideration, Dkt. No. 163 (the "Memorandum Decision"). The Court's Memorandum Decision resolved Square One Legal LLLC's Motion for Reconsideration and Supplemental

Motion for Reconsideration, together with the Chapter 13 Trustee's Motion for Instructions. The Memorandum Decision contains inadvertent typographical and clerical errors the Court desires to correct. Accordingly, pursuant to Federal Rule of Civil Procedure 60(a), made applicable by Federal Rule of Bankruptcy Procedure 9024, the Court hereby orders the correction of the Memorandum Decision by the filing of a Corrected Memorandum Decision on: (1) Square One Legal LLLC's Motion for Reconsideration, (2) Chapter 13 Trustee's Motion for Instructions, and (3) Square One Legal LLLC's Supplemental Motion for Reconsideration ("Corrected Memorandum Decision") solely to address typographical and clerical errors detailed as follows:

1. At page 7, line 14, the Memorandum Decision states: "On October 2, 2025, the Court entered an Order Granting Motion to Modify Confirmed Plan ("Confirmed Plan")." The correct date of entry is instead October 3, 2025.
2. At page 7, line 14, the Memorandum Decision states: "On October 2, 2025, the Court entered an Order Granting Motion to Modify

Confirmed Plan ("Confirmed Plan")." The correct defined term is instead ("Confirmed Modified Plan"). This error is repeated at page 31, line 4; page 32, line 12; page 32, line 14; page 33, line 3; and page 41, line 10.

3. At page 11, line 1, the Memorandum Decision states: "On June 26, 2026, Applicant filed an Amended Fee Application for compensation, Dkt. No. 98, that was withdrawn the same day, Dkt. No. 99." The correct date for the filing is instead June 6, 2026.

4. At page 12, line 15, the Memorandum Decision states: "On July 1, 2026, Applicant filed a Reply in support of its Second Amended Fee Application." The correct date for the filing is instead July 10, 2026.

5. At page 13, line 5, the Memorandum Decision states: "At the July 14, 2026, hearing on Applicant's Second Amended Fee Application…" The correct syntax is "At the July 14, 2026 hearing on Applicant's Second Amended Fee Application…" This error of an additional comma after the date is repeated at page 14, line 8; page 17, line 16;

page 25, line 7; page 38, line 2; page 41, line 16; page 42, line 2; page 42, line 6; and page 29, footnote 7.

6. At page 15, line 5, the Memorandum Decision states: "The Court also ruled he was inclined to grant Applicant's Second Fee Application." The correct phrasing is instead "The Court also ruled that it was inclined to grant Applicant's Second Fee Application."

7. At page 15, line 9, the Memorandum Decision states: "Along with the Conversion Order, the Court issued a Notice of Case noting the chapter 7 trustee was Elizabeth A. Kane…" The correct party issuing the Notice of Case is instead "the Clerk".

8. At page 16, line 12, the Memorandum Decision states: "Less Funds held in Client Trust Account $37,00". The correct dollar amount is instead $37.00.

9. At page 18, line 1, the Memorandum Decision states: "November 2, 2027." The correct date is instead November 2, 2026. This error is repeated at page 38, line 4, where the Memorandum Decision states: "August 19, 2027." The correct date is instead August 19, 2026.

10. At page 18, line 14, the Memorandum Decision states: "Creditor Crite's Opposition argues Applicant's request to set aside the Conversion Order is untimely." The correct syntax is instead "Creditor Crites's".

11. At page 27, line 6, the Memorandum Decision states: "Because Applicant filed his Supplemental Motion for Reconsideration…" The correct wording is instead "Because Applicant filed its Supplemental Motion for Reconsideration."

12. At page 27, line 10, the Memorandum Decision states: "Applicant's Supplemental Motion for Reconsideration may considered as a motion for relief from order under Rule 9024." The correct wording is instead "may be considered".

13. At page 27, footnote 6, the Memorandum Decision states: "Applicant's Supplemental Motion for Reconsideration raises some arguments under section 348(f) that are directly related to the Standing Trustee's Motion for Instructions sought further guidance from the Court to resolve whether he should disburse the funds held by him to the Chapter 7 Trustee or to pay Applicant's compensation in the amount

of $22,265.22." The correct grammar is instead "that are directly related to the Standing Trustee's Motion for Instructions that sought further guidance from the Court…"

14. At page 30, line 5, the Memorandum Decision states: "Debtor's House was property of the estate as of the filing of the petition on October 16, 2024." The correct date is instead October 14, 2024.

15. At page 30, footnote 8, the Memorandum Decision states: "Section 348(f)(1) does not apply if the debtor converts a case under chapter 13 to a case under another title in bad faith." The correct wording is instead "another chapter in bad faith."

16. At page 33, line 17, the Memorandum Decision states: "In other words, absent bad faith conversion, a debtor's postpetition earnings are not property of the estate as of the fate of the filing of the petition." The correct wording is instead "date of the filing of the petition."

17. At page 36, line 5, the Memorandum Decision states: "Further, after conversion, the Chapter 7 Trustee has the duty, to the extent funds are available, to make distributions for payment of pay section 507(a)(2)

administrative expense claims in compliance with section 348(d) and section 726(b). The correct phrasing of the sentence is instead "Further, after conversion, the Chapter 7 Trustee must distribute available funds to pay section 507(a)(2) administrative expense claims in compliance with sections 348(d) and 726(b)."

18. At page 36, line 10, the Memorandum Decision states: "*See In re Sun Runner Marine, Inc.*, 134 B.R. 4, 6 (B.A.P., 9th Cir. 1991) …" The correct citation is instead "*See In re Sun Runner Marine, Inc.*, 134 B.R. 4, 6 (B.A.P. 9th Cir. 1991)".

19. At page 37, line 8, the Memorandum Decision states: "Debtor challenges the Court's authority under section 1307(c)…" The correct party is instead the Applicant.

20. At page 38, line 4, the Memorandum Decision states: "and continued five times to August 19, 2027." The correct number of continuances is instead four times to August 19, 2026.

21. At page 41, line 14, the Memorandum Decision states: "During this time, on May 14, 2026, Creditor Crites filed her POC 15 in the amount of $1,543,830.69…" The correct dollar amount is instead $1,543,839.69.

22. At page 43, line 15, the Memorandum Decision states: "Pursuant to section 328(f)(1)(A)". The correct section number is instead 348(f)(1)(A).

23. At page 43, line 18, the Memorandum Decision states: "Section § 103(i)". The correct citation is instead Section 103(i).

IT IS HEREBY ORDERD that the Memorandum Decision entered on November 10, 2026 (Dkt. No. 163), is corrected as set forth above and as set forth in the Corrected Memorandum Decision filed contemporaneously herewith. The corrections detailed above are solely to correct inadvertent typographical and clerical errors and do not make substantive changes or alter the original effective date for appeal purposes. The Corrected Memorandum Decision filed contemporaneously with this Order supersedes the original Memorandum Decision and is effective nunc pro tunc to November 10, 2026.

**END OR ORDER**